ROGERS *v.* WENTWORTH.

A creditor, who has proved, in the federal court of bankruptcy, a claim dischargeable in bankruptcy, cannot maintain an action afterwards brought upon the same claim before a discharge has been refused, and before the bankruptcy proceedings have been determined without a discharge.

Such action will not be stayed; but judgment will be rendered for the defendant, without prejudice to the plaintiff's right to bring another suit when his right of action is not barred or suspended by the bankruptcy proceedings.

The running of the statute of limitations is suspended when the right of action is suspended by proceedings in bankruptcy.

ASSUMPSIT. A demurrer to a plea of bankruptcy proceedings raised the question, whether the plaintiff, having proved against the defendant, in bankruptcy proceedings, a claim dischargeable in bankruptcy, can maintain this action afterwards brought upon the same claim, the defendant's discharge not having been refused, and the bankruptcy proceedings not having been determined without a discharge. Reserved.

*C. K. Sanborn,* for the plaintiff.

*Worcester & Gafney,* for the defendant, cited *Pray* v. *Torr,* 18 N. H. 188; *Bennett* v. *Goldthwait,* 109 Mass. 494; *Cook* v. *Coyle,* 113 Mass. 252.

FOSTER, J. When a bankrupt's discharge has not been refused, and the bankruptcy proceedings have not been determined without a discharge (Act of June 22, 1874), a creditor proving his claim in bankruptcy cannot maintain a suit therefor against the bankrupt, but is deemed to have waived all right of action against him. U. S. Rev. St., *s.* 5105. His right of action is suspended by the government. The statute providing, not that his suit shall be stayed, but that he shall not be allowed to maintain it, does not distinguish between a suit brought before and a suit brought after his proving the claim in bankruptcy. The running of the statute of limitations is suspended while the right of action is suspended by the government. *Hanger* v. *Abbott,* 6 Wall. 532, 542; *Braun* v. *Sauerwein,* 10 Wall. 218; *Ross* v. *Jones,* 22 Wall. 576. The defendant is entitled to judgment, without prejudice to the plaintiff's right to bring another action when his right of action is not barred or suspended by the proceedings in bankruptcy.

*Case discharged.*

SMITH, J., did not sit.